IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Julie Anne Alberta McCoy

(Chapter 7)

Debtor.

Case No. 10-17916

Claire Ann Resop, Trustee,

Plaintiff,

v.

Adv. No. 11-00090

Julie Anne Alberta McCoy,

and

Kevin J. McCoy, Trustee of
Shirley J. McCoy Revocable Living Trust
Dated April 6, 2000,

Defendants.

MEMORANDUM DECISION

The plaintiff trustee seeks turnover of the interest in a trust. The defendant debtor contends that the trust is a "spendthrift trust" and that her interest in it is not part of her bankruptcy estate. A hearing on cross motions for summary judgment was held September 13, 2011. The parties have agreed to the following facts:

On April 6, 2000, Shirley McCoy, the debtor's mother, executed the McCoy Living Trust ("McCoy Trust" or "Trust.") The debtor is a beneficiary of this Trust, and Kevin McCoy, one of the debtor's sons, is the sole trustee[1] of this Trust.

The relevant language of the Trust is:

**Article 13, Section 2. Beneficiary's Right to Direct Retention of Distributions in Trust**

Whenever a distribution is authorized or required to be made by a provision of this Article to a beneficiary, then the beneficiary may direct the Trustee in writing to retain such distribution in trust as follows:

**a. The Beneficiary's Right to Income**

The Trustee, during the life time of the beneficiary, shall pay to or apply for the benefit of the beneficiary from time to time and at the beneficiary's written direction all of the net income from this trust.

**b. The Beneficiary's Right to Withdraw Principal**

The Trustee shall pay to or apply for the benefit of the beneficiary such amounts from the principal as the beneficiary may at any time request in writing. No limitation shall be placed on the beneficiary as to either the amount of or reason for such invasion of principal.

...

**Article 13, Section 3. Disposition of Trust Property**

All trust property not previously distributed under the terms of this trust shall be maintained in trust for a period not to exceed twenty years after the date of my death and distributed only according to the directions found in this section.

a.  **Division Into Separate Trusts**

The Trustee shall divide the balance of trust property into equal trusts, with one separate trust for each of my children named in this Article.

...

---

[1] I refer to the bankruptcy trustee as "bankruptcy trustee," and the Trust trustee as "Kevin McCoy" or "trustee."

2

    g.        Administration of the Trust share for Julie McCoy

           **1. Annual Pecuniary Distribution Free of Trust**

           Beginning the First January 1st after the date of my death, the Trustee shall distribute $20,000.00 to my daughter, Julie McCoy annually free of trust.

Shirley McCoy amended the trust on September 6, 2002, as follows:

**SECOND AMENDMENT TO THE**

**SHIRLEY J McCOY LIVING TRUST**

**DATED APRIL 6, 2000**

**This amendment dated September 6, 2002**

…

According to the terms of my living trust dated April 6, 2000, I amend the Agreement as follows: . . .

**C. Creditor Protection.** I amend Article 13, to include a new Section 4, which shall read:

    **Section 4. Creditor Protection.**

    All payments of income and principal, including withdrawal rights, shall be privileged and may be exercised only by the Trustee at its sole discretion. Distributions under this Article shall not be subject to the claims of any creditor or to legal process and may not be voluntarily or involuntary alienated or encumbered, except by specific Order by a Court of competent jurisdiction for reasons allowed by law. Any such Order shall cite this Section and the law specifically or the Trustee shall deny such forced distribution.

On November 10, 2009, Shirley McCoy died. Pursuant to the terms of the Trust, on January 1, 2010, the debtor received a distribution in the amount of $20,000.00 "free of trust." Later that year, on October 27, 2010, she filed a voluntary petition under chapter 7. The debtor disclosed her interest in the trust on the bankruptcy schedules as a contingent interest valued at $0. On December 21, 2010, the bankruptcy trustee demanded that the debtor turn over the trust

3

distribution that was available to her as of January 1, 2011. The debtor informed the bankruptcy trustee that she would not be turning over any trust distributions because Kevin McCoy would be exercising his discretion as trustee to withhold trust distributions from her.

The bankruptcy trustee commenced this adversary proceeding on March 3, 2011. In her Motion for Summary Judgment, she argues that she is entitled to an order directing the turnover of the debtor's share of the trust "as trust payments have become due and payable to the debtor pursuant to the terms of the trust." The McCoy Trust has a net worth of $1,669,712.00.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The primary purpose of summary judgment is to avoid trial where there is no genuine issue of material fact in dispute. *See Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir. 1990). A bankruptcy trustee has the burden in turnover proceedings to prove by a preponderance of the evidence that the property sought is in fact property of the bankruptcy estate and that the debtor has possession of it. *In re Smith*, 2011 WL 345865, *1 (Bankr. S.D. Ind. Feb. 2, 2011).

11 U.S.C. § 541 provides that the estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, the Code excludes certain interests. 11 U.S.C. § 541(c)(2) provides that "a restriction in the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." This means that "spendthrift trusts"

and similar interests are excluded from the bankruptcy estate. *In re Kedrowski*, 284 B.R. 439, 449 (Bankr. W.D. Wis. 2002).

The Seventh Circuit Court of Appeals interpreted § 541(c), when applicable, to "take the corpus of each spendthrift trust out of the definition of 'property of the estate' of the debtor." *Magill v. Newman*, 903 F.2d 1150, 1152 (7th Cir. 1990). The court reasoned that a contrary decision would drain the spendthrift trusts of any meaning and ignore the Bankruptcy Code provision. *Id*. The spendthrift trust in *Newman* provided discretionary distributions of net income or portions of the corpus to Newman until he reached age 50, when the trust would terminate and the trustee would distribute to Newman the assets of the trust estate "absolutely and free from trust." *Id*. at 1151. A spendthrift clause prevented Newman from alienating his interest or anticipating his interest in the income or corpus of any trust estate. *Id*. Newman filed for bankruptcy at age 45. *Id*. The Court of Appeals concluded that § 541(c)(2) was applicable and Newman's interest in the trust was not part of his bankruptcy estate. The trust "clearly and effectively directed that the corpus not become a part of the debtor's estate until he reached age 50 and that the debtor and his creditors be prevented from anticipating the debtor's interest in the corpus until that time." *Id*. at 1152. The court acknowledged that the outcome might be different had the debtor already reached the age of 50. *Id*. at 1153.

The McCoy Trust provides that upon the settlor's death, all trust property not previously distributed is to be divided into separate trusts for each of the settlor's children. Article 13, Section 3(a). The trustee is to distribute $20,000 to each child "annually free of trust" beginning the first January 1st after the settlor's death. Article 13, Section 3(c) – (g). Each of these separate trusts will terminate 20 years after the settlor's date of death. *See Id*. By the Seventh Circuit Court of Appeal's reasoning in *Newman*, as long as the spendthrift clause is valid and

5

enforceable under applicable nonbankruptcy law, the debtor's interest in the corpus does not constitute property of the bankruptcy estate. The annual payments of $20,000.00 are not as straightforward.

What constitutes "property of the estate" is decided by federal law; but the extent of the debtor's legal or equitable interests in property as of the commencement of the case is determined by state law. *In re Mitchell*, 423 B.R. 758, 763 (Bankr. E.D. Wis. 2009) (quoting *Matter of Yonikus*, 996 F.2d 866, 869 (7th. Cir. 1993)). The subject Trust was created in Wisconsin, the debtor resides in Wisconsin, and the parties do not dispute that Wisconsin law applies.

Wisconsin law affirms spendthrift protection for beneficiaries. Wisconsin statute § 701.06(2) provides that "[t]he interest in principal of a beneficiary other than the settlor is not subject to voluntary or involuntary alienation. The interest in principal of such beneficiary cannot be assigned…" The Creditor Protection Provision under Amended Article 13 seems to conform to this statute.

The spendthrift provision must be "enforceable under applicable nonbankruptcy law," including in this case, Wis. Stat. § 701.06(2). But, otherwise enforceable limitations on transfer of trust funds do not prevent a creditor from gaining a court's order to turn over trust property that is "due or payable" to a non-settlor beneficiary: "… a judgment creditor, after any payments of principal have become due or payable to the beneficiary pursuant to the terms of the trust, may apply to the court for an order directing the trustee to satisfy the judgment out of any such payments …" Wis. Stat. § 701.06(2).

The bankruptcy trustee reads "due or payable" to encompass every instance in which the trustee is to make a scheduled payment to the beneficiary. She submits that the Creditor Protection Provision in Amended Article 13, Section 4, does not override the provisions for annual $20,000.00 payments or payments directed by the beneficiary, nor does it override the language of Wis. Stat. § 701.06(2). The bankruptcy trustee relies on *In re Thomas M. Calaway, Jr.*, 2000 WL 33950024, (Bankr. W.D. Wis. June 30, 2000), an unpublished decision from this district issued by Judge Utschig.

The debtor interprets "due or payable" to mean that a creditor can seize payments only when they are actually distributed to the beneficiary or when the trustee has no discretion to withhold them. She submits that unlike *Calaway*, the Trust provisions do not conflict with the statute. No payments are currently "due or payable" because under the Creditor Protection Provision, the trustee has the "sole discretion" to make payments and has chosen to withhold them from the debtor.

Our case is distinguishable from *Calaway*. In *Calaway,* the bankruptcy trustee sought the ultimate distribution of the trust res "at the time a distribution is actually made." *Id.* at *1. In this case, the bankruptcy trustee requests the turnover of the debtor's annual distribution. Judge Utschig concluded that Wis. Stat. § 701.06(2) did not preclude turnover once the debtor was eligible for the ultimate distribution of the trust res. *Id.* at *3. His conclusion is consistent with *Newman* and other interpretations of § 541(c)(2), because a spendthrift clause is no longer effective once a trust terminates. In *Calaway,* the court did not order turnover of discretionary income distributions to the beneficiaries. Here, the plaintiff seeks discretionary distributions of

7

the debtor's share of the trust res.[2] *Calaway* does not compel a conclusion that the bankruptcy trustee is entitled to any annual distribution.

The debtor is correct that the Creditor Protection Provision gives the trustee discretion to make payments under the trust. The language of the amendment states that "[a]ll payments of income and principal, including withdrawal rights, shall be privileged and may be exercised only by the Trustee at its sole discretion." Amended Article 13, Section 4. This amendment supersedes the mandatory payment provisions in Article 13. The Wisconsin Supreme Court has held that in construing a trust, as with a will, the language should be construed to give effect to the intention of the settlor. *Dei v. Dei (In re Dei Revocable Living Trust)*, 2004 WI App. 21, *P6 (citing *Welch v. Welch*, 235 Wis. 282, 306-07, 290 N.W. 758 (Wis. 1940)). That intention may be ascertained from the language of the instrument, considered in the light of the surrounding circumstances. *Id.* That rule is elementary in the construction of trusts not created by will. *Welch*, 235 Wis. at 307. The late Ms. McCoy intended the Creditor Protection Provision to give Kevin, as trustee, discretion over "all payments" in the trust, including otherwise mandatory payment provisions and withdrawal rights of the debtor.

If the trustee has the sole discretion to withhold payments of principal to beneficiaries under the Trust, when are they "due or payable" under § 701.06(2)? Is "due or payable" merely a common legal phrase that was adopted in the statute without much consideration? Section 701.06(2) was written in the disjunctive, which seems to suggest either requisite is sufficient. "Due" would seem to require an obligation to pay presently. But if "payable" means that the ability to have it paid exists, potential discretionary distributions, even if undeclared, would

---

[2] By the language of Article 13, Section 3(g), it is not clear that the discretionary distributions are principal or income.

8

suffice. But this would lead to a limitless ability of creditors to pursue discretionary payments of the trust res. That is contrary to the statute's manifest intent. Without any instructive court interpretation of "due or payable" and without a clear meaning to seize upon, bankruptcy courts have looked for the intent of the drafters. For example, in *In re Fraley*, the court construed "due or payable" to include a lump sum already paid to a debtor in settlement of a worker's compensation claim, because construing the exemption statute more narrowly would contradict the statute's intent to protect beneficiaries. *In re Fraley*, 148 B.R. 635, 637 (Bankr. M.D. Fla. 1992).

Because there is no helpful legislative history of Wis. Stat. § 701.06, the statute can only be construed in light of the its apparent purpose. That purpose seems to include different treatments for interest payments, distribution of principal, and protection of self-settled trusts.

The Wisconsin Legislature desired to protect income distributions subject to anti-alienation clauses. Wis. Stat. § 701.06(1) provides as follows:

> **Spendthrift provisions and rights of creditors or beneficiaries.**
>
> (1) A settlor may expressly provide in the creating instrument that the interest in income of a beneficiary other than the settlor is not subject to voluntary or involuntary alienation. The income interest of such beneficiary cannot be assigned and is exempt from claims against the beneficiary until paid over to the beneficiary pursuant to the terms of the trust.

But, the Legislature chose to place substantial limitations on anti-alienation clauses contained in self-settled trusts. Wisconsin Statute § 701.06(6) provides:

> (6) Settlor as beneficiary. (a) Notwithstanding any provision in the creating instrument and in addition to the remedies available under subs. (4) and (5) where the settlor is a beneficiary, upon application of a judgment creditor of the settlor, the court may, if the terms of the instrument require or authorize the trustee to make

9

> payments of income or principal to or for the benefit of the settlor, order the trustee to satisfy part or all of the judgment out of part or all of the payments of income or principal *as they are due, presently or in the future, or which are payable in the trustee's discretion*, to the extent in either case of the settlor's proportionate contribution to the trust. Wis. Stat. § 701.06(6) (emphasis added).

This provision is intended essentially to prohibit self-settled spendthrift trusts. *See In re Bogue*, 240 B.R. 742, 750 (Bankr. E.D. Wis. 1999).

The contrast between the language in these two provisions and that of § 701.06(2):

> A settlor may expressly provide in the creating instrument that the interest in principal of a beneficiary other than the settlor is not subject to voluntary or involuntary alienation. The interest in principal of such a beneficiary cannot be assigned and is exempt from claims against the beneficiary, but a judgment creditor, after any payments of principal have become *due or payable* to the beneficiary pursuant to the terms of the trust, may apply to the court for an order directing the trustee to satisfy the judgment out of any such payments and the court in its discretion may issue an order for payment of part or all of the judgment. Wis. Stat. § 701.06(2) (emphasis added).

suggests that the legislature intended relatively more spendthrift protection for principal distributions. Judgment creditors may apply for an order to satisfy judgment out of any "payments of principal" that have become "due or payable." Courts are given flexibility to grant or deny such applications, acknowledging perhaps that certain situations would call for satisfaction of judgment while others would not. Construing this subsection in light of the whole, the phrase "due or payable" was intended to mean mandatory payments under the terms of the trust – those that a beneficiary is entitled to receive, or payments that have been declared by a trustee with discretion to do so.

The subsection is silent as to whether, after an initial principal payment is made to the beneficiary debtor, the protection is lost as to a creditor seeking the court's aid. However, a

10

Restatement of Trusts asserts that "after income or principal from a spendthrift trust has actually been distributed to a beneficiary, it becomes subject to creditors' claims." *Restatement, Third, of Trusts* § 58 cmt. d (2003). This indicates that generally only payments that have been distributed become subject to the claims of creditors, rather than all subsequent payments of principal that may be distributed. Therefore, even if the debtor received one principal payment, as long as any subsequent payment she is entitled to receive remains in trust, it is still protected. Only payments that the trustee declares he will make or that the debtor actually receives will lose the spendthrift protection. There is no reason to believe that the Wisconsin Legislature sought to depart from this general rule.

In this case, the debtor's interest in the trust principal is excluded from the bankruptcy estate because the spendthrift clause is "enforceable under applicable nonbankruptcy law." While Wisconsin law allows judgment creditors to apply for payments of principal notwithstanding a spendthrift clause, no such payments are "due or payable" here. The bankruptcy trustee is not entitled to a turnover of the payments that the trustee has chosen to withhold from the debtor.

For these reasons, the bankruptcy trustee's motion for summary judgment is DENIED, and the debtor's motion for summary judgment is GRANTED. It shall be so ordered.

Dated: December 21, 2011

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE